UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

IN RE DOYLE HANEY,                )
                                  )        NO. 2:06-CV-
        Plaintiff.                )

**MEMORANDUM and ORDER**

Plaintiff Doyle Haney brings this *pro se* civil rights action under 42 U.S.C. § 1983. The plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and the Clerk is **DIRECTED** to file this action without prepayment of fees.

The plaintiff's statement of claims is contained in the "Relief" section of his complaint. This section reads, in its entirety:

> "I want someone to represent me right for the money I've paid them. I feel as though my lawyer isn't trying to do nothing for me. I've paid somewhere around $12,000 - $14,000 and I can't get motion of discovy (sic) or nothing. He been hired on case # 67118 and the last time I went to court he wasn't even there. I would appreciate a respone (sic) to my situation to where I could get another lawyer or something." (Compl., ¶ V).

The Court infers, from these allegations and the Criminal History Report attached to the complaint, that the plaintiff is involved in ongoing state judicial criminal proceedings in Cocke County, Tennessee; that he believes his attorney is not

ably representing him; and that he would like this Court to intervene and take corrective action, perhaps even arranging for a different lawyer to represent him. However, there are two reasons why this action cannot proceed.

First and most importantly, to state a viable § 1983 claim, a plaintiff must allege: 1) that he was denied a right, privilege or immunity secured by the constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). The plaintiff's attorney, who apparently is a private defense attorney, is not acting under color of state law by representing the plaintiff. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1981). Therefore, the plaintiff's allegations against his lawyer fail to state a claim which would entitle him to relief under § 1983. Secondly, the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), applies here as well. Under this doctrine, federal courts must abstain from entertaining lawsuits by individuals seeking some sort of relief involving a criminal prosecution against them in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here. Therefore, the Court must abstain from interfering in the plaintiff's state criminal proceedings and simply cannot arrange for another lawyer to represent

him.

A separate order will enter dismissing this action for failure to state a claim.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE